USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/1/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MCINNIS USA INC.,

                            Plaintiff,

-against-

AGGRECEM MECHANICAL, LLC,

                            Defendant.

1:21-cv-1253-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

        This case comes before the Court on a motion for default judgment [ECF No. 21] filed by Plaintiff McInnis USA Inc and a cross motion to vacate the entry of default [ECF No. 28-7] by Defendant Aggrecem Mechanical, LLC.

        On February 11, 2021, Plaintiff filed a complaint [ECF No. 1] alleging breach of contract claims. Defendant's answer was due on or before March 5, 2021. [ECF No. 7]. When Defendant failed to timely respond to the complaint, Plaintiff filed a proposed clerk's certificate of default [ECF No. 9], which was entered [ECF No. 11]. Plaintiff thereafter moved for default judgment [ECF No. 12]. Shortly after Plaintiff filed its motion for default judgment, the Court received a letter from the Defendant stating that the delay in response was due to contracting COVID-19 and a general lack of funds to hire an attorney. [ECF No. 16]. The Court received no further communication from the Defendant.

        Consistent with the Court's Individual Rules, the Court then scheduled a hearing on the motion. [ECF No. 17]. At the hearing, the Court denied the motion for default judgment on the grounds that Plaintiff had not properly alleged the citizenship of the LLC defendant for purposes of subject matter jurisdiction. [ECF No. 20]. Shortly after the hearing, the Court received a

telephone call from the owner of the Defendant who advised that he had intended to attend the hearing, but had dialed the wrong number. *Id.*

Plaintiff then renewed its motion for default judgment [ECF No. 21], alleging the citizenship of the LLC defendant in its memorandum of law in support [ECF No. 22]. Soon after, counsel for Defendant entered an appearance [ECF No. 27] and filed a declaration in opposition to the motion for default judgment. [ECF No. 28]. That declaration contains the alleged contract at-issue in this dispute [ECF No. 28-1], a proposed answer to the complaint [ECF No. 28-5] ("Answer"), a notice of cross-motion to vacate the clerk's entry of default [ECF No. 28-7], and a memorandum of law in opposition to the default and in support of the cross motion [ECF No. 28-6] ("Memo"). To date, Plaintiff has not responded to the declaration in opposition to the motion for a default judgment, or the cross motion to vacate the certificate of default.

Defendant asks that this Court vacate the entry of default pursuant to Federal Rule of Civil Procedure 55(c). For the reasons set out herein, the Court grants Defendant's unopposed motion.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 55(c) provides that "the court may set aside an entry of default for good cause." Defaults are disfavored, and there is a strong "preference for resolving disputes on the merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). "[W]hen doubt exists as to whether a default should be . . . vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). For that reason, "good cause" is "construed generously." *Id.*

The Court considers three criteria in determining whether "good cause" exists: (1) whether the default was willful; (2) whether setting aside the default would prejudice the

adversary, and (3) whether a meritorious defense is presented. *Enron Oil Corp.*, 10 F.3d at 96. The defaulting party bears the burden of showing "good cause" for setting aside a default. *Whiton v. Brownstein*, No. 04 Civ. 6543(PKC), 2006 U.S. Dist. LEXIS 2284, 2006 WL 163139, at *2 (S.D.N.Y. Jan. 20, 2006).

## DISCUSSION

An evaluation of all relevant factors favors vacating the certificate of default in this case. The Court addresses each in turn.

**I.      THE DEFAULT WAS NOT WILLFUL**

"Willfulness requires something more than mere negligence, such as egregious or deliberate conduct, although the degree of negligence in precipitating a default is a relevant factor to be considered." *Loop Prod. v. Capital Connections LLC*, 797 F. Supp. 2d 338, 346 (S.D.N.Y. 2011) (citing *Odfjell Seachem A/S v. Continental De Petrols Et Invs. SA*, 613 F. Supp. 2d 497, 500 (S.D.N.Y. 2009)).

Here, the default was not the result of egregious or deliberate conduct. Plaintiff filed this case on February 11, 2021 [ECF No. 1]. After the Defendant failed to answer the complaint, Plaintiffs sought an entry of default on March 9, 2021. [ECF No. 11]. Behind the scenes, the owner of the Defendant, Mr. Martin Shields, apparently responded to communications from Plaintiff's counsel, stating that a delay in response was due to his contracting COVID-19. [ECF No. 28-2]. Thereafter, Mr. Shields sent a letter on April 22, 2021 [ECF No. 16] on behalf of the now-defunct Defendant stating he was suffering from long-term effects of COVID-19, and was otherwise without means to afford an attorney. Mr. Shields attempted to dial into the then-scheduled hearing for default judgment but dialed an incorrect number. [ECF No. 20]. The Court's order denying the motion for default judgment without prejudice noted that Mr. Shields could not represent the Defendant LLC *pro se*. [ECF No. 20]. Shortly after Plaintiff renewed its

motion for default judgment, counsel for Defendant entered an appearance and opposed the motion [ECF No. 28].

"[T]he court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Defendant has satisfactorily explained that any default was the result of complications from an illness. Defendant nonetheless endeavored to engage in the litigation via letters with the Court and counsel. And while the owner of the Defendant could not represent the company *pro se*, when so admonished, Defendant quickly retained counsel who opposed a renewed motion for default judgment. In sum, the Court sees no egregious conduct that would serve as any indication of willfulness on the part of the Defendant. *See Enron Oil Corp.*, 10 F.3d at 98 (doubts regarding willfulness should be resolved in defendant's favor).

## II.    SETTING ASIDE THE DEFAULT WOULD NOT PREJUDICE THE PLAINTIFF

To be considered prejudicial, vacatur of a default must result in tangible harm beyond mere delay. "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir.1983) (internal quotation marks and citations omitted).

The Court sees no reason why vacating default would cause Plaintiff any prejudice. Plaintiff would not be prevented from engaging in discovery or responding to Defendant's answer in the manner it sees fit. Indeed, Plaintiff has not opposed Defendant's cross motion to vacate. On the other hand, Defendant *would* be prejudiced if this Court were to deny its request to vacate default. Doing so would abrogate Defendant's ability to present its defenses on the merits of the claims against it. As mentioned, defaults are disfavored, and there is a strong "preference for resolving disputes on the merits." *Enron Oil Corp.*, 10 F.3d at 96.

**III.     DEFENDANT MAY WELL RAISE A MERITORIOUS DEFENSE**

"A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98 (internal citations omitted). In its opposition to the motion for default judgment (and cross-motion to vacate), Defendant attaches its proposed answer to the complaint and a declaration in support by Mr. Shields [ECF No. 28] ("Shields Decl."). Defendant raises a number of affirmative defenses, addressing all four causes of action that Plaintiff asserts.

In particular, Plaintiff asserts a claim of breach of contract against the Defendant (Compl. ¶¶ 20-24), a claim for breach of express warranty included in the contract (Compl. ¶¶ 25-29), a claim for breach of the implied warranty of merchantability (Compl. ¶¶ 30-33), and a claim for a breach of the implied warranty of fitness for a particular purpose (Compl. ¶¶ 34-39). Defendant rejoins that Plaintiff's breach of contract and express warranty claims must fail because Defendant did not breach the agreement and instead fully performed its duties. *See* Answer at 45; Memo at 8; Shields Decl. ¶¶ 9-20. Instead, Defendant attributes any damage to the product to Plaintiff, who failed "to utilize and operate the system in accordance with the design parameters." Memo at 8, Shields Decl. ¶¶ 21-23. Defendants argue that the improper usage of the system also renders Plaintiff's implied warranty claims meritless. *See* Memo at 8-9.

Defendant's answer, and Mr. Shield's supporting declaration, go beyond conclusory and unsupported defenses that would be inadequate to establish a meritorious defense for purposes of assessing "good cause." *See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166 (2d Cir. 2004). The Court need not determine at this juncture whether Defendant's defenses absolve it of any liability in this matter. *See Enron Oil Corp.* 10 F.3d at

5

98.  If Defendant's defenses were proven at trial, they would constitute a complete defense to the allegations of the complaint.  These meritorious defenses therefore militate in favor of a finding of "good cause" to vacate the entry of default.

## CONCLUSION

For the reasons stated herein, the Court GRANTS Defendant's cross-motion to vacate the entry of default [ECF No. 28-7].  Plaintiff's motion for default judgment [ECF No. 21] is denied as moot.  The Clerk of the Court is respectfully requested to terminate the motions at ECF No. 21.  Defendant is directed to file its answer on the Court's electronic filing system.[1]

By separate order, the Court will enter an order setting an initial pre-trial conference in this matter.  In the interim, the Parties are directed to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26.

**SO ORDERED.**

**Date:   August 1, 2022**
           **New York, NY**                                        _____
                                                                                    **MARY KAY VYSKOCIL**
                                                                                    **United States District Judge**

---

[1] In its memorandum of law in support of vacating default, Defendant asks this Court to "compel [Plaintiff] to accept service" of the answer.  Memo at 10.  Local Civil Rule 5.2(a) provides that "[a] paper served and filed by electronic means in accordance with such instructions is, for purposes of Fed. R. Civ. P. 5, served and filed in compliance with the [Local Rules.]"  Service of the answer would therefore be effectuated when filed electronically.  *See also* Fed. R. Civ. P. 5(b)(2)(E) (Service is made by "sending it to a registered user by filing it with the court's electronic filing system.")